**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-1991**

AYSE NILGUN BALAS, Ph.D.,

        Plaintiff - Appellant,

    v.

W. TAYLOR REVELEY, IV, individually and in his official capacity; KENNETH B. PERKINS, Ph.D., individually and in his official capacity; PAUL T. BARRETT, Ph.D., individually and in his official capacity; CLAIRE R. LAROCHE, individually and in her official capacity; CHERYL ADKINS, Ph.D., individually and in her official capacity; FRANK BACON, Ph.D., individually and in his official capacity; THE VISITORS OF LONGWOOD COLLEGE; JOHN GASKINS, Ph.D., individually and in his official capacity; CHARLES D. WHITE, Ph.D., individually and in his official capacity,

        Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., District Judge. (3:16-cv-00553-JAG)

Submitted: July 31, 2018                  Decided: August 16, 2018

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott G. Crowley, Sr., CROWLEY & CROWLEY, Glen Allen, Virginia; Jay J. Levit, LAW OFFICE OF JAY J. LEVIT, Glen Allen, Virginia, for Appellant. E. Lewis Kincer,

Jr., Assistant Attorney General, W. Ryan Waddell, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA,  Richmond, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ayse Nilgun Balas, Ph.D., a former assistant professor in the College of Business and Economics ("CBE") at Longwood University ("Longwood"), filed suit against the Visitors of Longwood University and several individual Longwood employees (collectively, "Appellees"), raising procedural due process and 42 U.S.C. § 1981 (2012) national origin discrimination and retaliation claims arising from her denial of tenure and the termination of her employment at Longwood. On appeal, she challenges the district court's Fed. R. Civ. P. 12(b)(6) dismissal of her due process claim and its subsequent order granting Appellees' motion for summary judgment on Balas' discrimination and retaliation claims.

We review a district court's dismissal under Rule 12(b)(6) de novo, accepting as true all of the factual allegations in the complaint and drawing all reasonable inferences from those facts in favor of the plaintiff. *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 635 (2018). "To survive a motion to dismiss, [a plaintiff's] factual allegations, taken as true, must state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "[A]lthough we must accept the truthfulness of all factual allegations" in a complaint, "we need not assume the veracity of bare legal conclusions." *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012) (internal quotation marks omitted). Rather, we must accept conclusions the plaintiff draws from the facts "only to the extent they are plausible based on the factual allegations." *Id.*

"We review a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court and viewing all facts and reasonable inferences

therefrom in the light most favorable to the nonmoving party." *Grutzmacher v. Howard Cty.*, 851 F.3d 332, 341 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 171 (2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). To withstand a motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We have thoroughly reviewed the parties' briefs, the district court's orders, and the materials submitted in the joint appendix and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Balas v. Reveley*, No. 3:16-cv-00553-JAG (E.D. Va. Feb. 3, 2017 & Aug. 8, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*